IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VARO-REAL INVESTMENTS, INC.,

    Plaintiff,

  v.

MARIO SANDER, and DOES 1 through X,

    Defendants.
/

CAMARI V. CAMPBELL,

    Interested Party/Tenant/ Occupant.
/

No. C 19-07289 WHA

*Related to*

No. C 19-06379 WHA

**ORDER GRANTING MOTION TO REMAND**

Defendant Mario Sander previously removed this unlawful detainer action from state court only to have it remanded for lack of subject-matter jurisdiction, there being neither diversity jurisdiction nor federal-question jurisdiction.

Undeterred, Camari Campbell, "purportedly on behalf of Sander," has now improperly removed this case to federal court, supposedly based on federal-question jurisdiction. Campbell has not been named as a party in this action and does not have standing to remove this action. Moreover, the new removal notice merely copied and pasted from the previous defective notice, with the addition of an alleged violation of a local rent control policy (Case No. C19-07289 WHA, Dkt. No. 1). Plaintiff thereafter moved to have the case related to the

1 previously removed case and remanded to state court, a ruling of which judicial notice is now
2 taken (Case No. C19-06379 WHA, Dkt. No. 20). Although plaintiff filed its motion on the
3 previously removed case's docket, this order construes the motion to apply to the relevant case
4 docket (Case No. C19-07289 WHA). The undersigned related the cases by order, and now
5 **GRANTS** plaintiff's motion to remand for the same reasons set forth before (Case No.
6 C19-06379 WHA, Dkt. No. 17).

Plaintiff's counsel seeks $676 in attorney's fees under the removal statute, which provides that a court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff contends that this case was removed again "as part of a scheme to hinder and delay the [u]nlawful [d]etainer case" and defendant is "clearly seeking removal to prolong the litigation and force [p]laintiff to incur additional costs." Thus, counsel seeks fees for time she and her paralegal spent addressing this removal. This order finds that it is just to award fees here. Campbell removed the same action based on the same reasons for the previous removal, with no meaningful change. Campbell therefore lacked any objectively reasonable basis for believing removal was appropriate. Plaintiff's demand for $676 in fees is reasonable under the circumstances and based on competitive billing rates. Attorney's fees in that amount are therefore **GRANTED**.

A hearing was held on November 27, 2019. The hearing was set for 10:00 a.m., called at 10:10 a.m. Neither defendant nor anyone on behalf of defendant appeared. The hearing was then postponed ten minutes, recalled at 10:26 a.m. Still, defendant did not appear and the Court went ahead with the hearing. Defendant Sander and any and all other "co-interested parties" are hereby admonished not to file any more removals to the district court.

**CONCLUSION**

Accordingly, plaintiff's motion to remand is **GRANTED** and plaintiff's request for attorney's fees is **GRANTED** in the amount of **$676**. Campbell's application to proceed in forma

pauperis is **DENIED AS MOOT**. The Clerk shall **REMAND** the case to the Superior Court of California, County of Contra Costa and **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: November 27, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE